## ROBINSON *vs.* VEAL *et al.*

Where an ejectment case has been twice tried and verdicts found in favor of the plaintiffs, and this court has reversed a grant of a new trial after the second verdict, thereby upholding such verdict, there was no error in refusing an injunction to restrain the issuing and execution of a writ of possession, where no new facts since the verdict and judgment are exhibited in the bill filed for that purpose.

(a) The mere introduction in the bill of new parties would not require an injunction, where no new facts changing the rights of the parties in the common law case were shown, and where the new parties neither claimed nor sought any relief on their own account.

December 7, 1886.

*Res Adjudicata.* Equity. Injunction. Parties. Before Judge HUTCHINS. Gwinnett Superior Court. September Term, 1886.

78 301
f110 87

Mrs. Frances Robinson filed her bill against B. F. Veal, J. W. Scruggs, J. E. Robinson (her husband), the legal representatives of the estate of Jos. Robinson, deceased, Mrs. Fannie E. Robinson, the legal representatives of the estate of John Hardman, deceased, Thos. M. Meriwether, chairman, etc., and the legal representatives of the estate of Vincent R. Tommey, deceased. The substantial issues in controversy will be found reported in 70 *Ga.* 809, and in 76 *Id.* 838. Veal and Scruggs brought suit for the land in controversy against J. E. Robinson and his wife, the complainant. The jury found for the plaintiffs, and a new trial was granted, as will appear from the report in 70 *Ga.* On a second trial, a verdict was again found for the plaintiffs, and the presiding judge again granted a new trial, and this judgment was reversed by the Supreme Court, as will appear from the report in 76 *Ga.* The bill now filed sought to recover the same property involved in the ejectment case or to have an accounting in connection therewith, to set aside the deeds under which Veal and Scruggs held, for injunction against dispossession, and for general relief. It was alleged that several of the new parties brought into the litigation by the bill were insolvent.

On the hearing, the chancellor refused to grant the injunction, and the complainant excepted.

GEO. S. THOMAS, for plaintiff in error.

S. J. WINN & SON, for defendants.

JACKSON, Chief Justice.

This record makes the question whether the denial of an injunction to restrain the issue and execution of a writ of possession by the officers of court, was error in the chancellor, in a case where no new facts since the verdict and judgment in favor of plaintiffs against the defendant in the ejectment suit were exhibited in the bill now brought by that defendant against the plaintiffs to restrain their

possession, and where on the same substantial facts this court had upheld the second verdict of the jury for those plaintiffs by reversing the grant of a new trial granted by the presiding judge. To state the proposed question is to answer it in the negative.

The persistent newly employed counsel insisted that the writ of injunction should have been granted because more new parties were brought before the court in this proceeding in equity than were in it at law or could have been made parties in the ejectment cause; but new parties, without new facts changing the rights of the plaintiffs in the common law judgment to have the land, in the ears of equity are but "sounding brass and a tinkling cymbal," to which she gives no heed. The new parties must be clothed with equitable rights affecting the points in issue. If all their connection with the transaction had been considered and weighed on the trial of title at law, though the issue tried had been only the general issue, that issue between these real litigants, Mrs. Robinson and Veal and Scruggs, was as fairly and fully tried and as effectually settled as if all of them had been actual parties.

An examination of the record in *Veal et al. vs. Robinson*, in 70 *Ga.* 809, and that in the case of *Veal and Scruggs vs. Robinson*, decided at the March term, 1886, 76 *Ga.* 833, will show the identity of the facts on the trials at law with those set up in this bill. The new parties made co-defendants to the bill with Veal and Scruggs, come into court naked, accompanied by nothing new, and adding nothing to her legal or equitable defence of her title, and asking nothing for themselves. It would be wonderful if equity should arrest and annul a judgment at law, a thing that she requires strong equities to authorize, upon grounds so fragile as are set up here.

Judgment affirmed.